# NO. 12-24-00130-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JAZMYN MICA HALL,*<br>*APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Jazmyn Mica Hall appeals her conviction of occlusion assault. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

Appellant was charged by indictment with occlusion assault[1] and pleaded "guilty" without a plea bargain agreement. In conjunction with her plea, Appellant stipulated as follows:

> [I]n the County of Smith and State of Texas, on or about the 22nd day of February 2024, . . . [I,] JAZMYN MICA HALL, did then and there intentionally, knowingly, and recklessly cause bodily injury to Sabrina Ramey . . . , a person with whom [I has or had] a dating relationship, as described by Section 71.0021(b) of the Texas Family Code, by intentionally, knowingly, and recklessly impeding the normal breathing or circulation of the blood of [Sabrina Ramey] by applying pressure to [her] throat or neck[.]

---

[1] *See* TEX. PENAL CODE ANN. § 22.01(b)(2)(B) (West Supp. 2024) (assault committed against family or household member or person with whom defendant has or had dating relationship committed by intentionally, knowingly, or recklessly impeding normal breathing or circulation of blood of person by applying pressure to person's throat or neck or by blocking person's nose or mouth).

The matter proceeded to a bench trial on punishment. There, the trial court considered, among other evidence, exhibits comprising arrest affidavits related to Appellant for the offenses of aggravated assault with a deadly weapon and obstruction or retaliation.[2] The trial court also considered exhibits depicting the injuries suffered by the victims in those cases, as well as the case at hand. Following the presentation of evidence and argument of counsel, the trial court found Appellant "guilty" as charged and sentenced her to imprisonment for ten years. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. Appellant's counsel states that he diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. He further relates that he is well-acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief presents a chronological summation of the procedural history of the case and further states that Appellant's counsel is unable to raise any arguable issues for appeal.[3] We likewise reviewed the record for reversible error and found none.

## CONCLUSION

As required by *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel moved for leave to withdraw. *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having

---

[2] The record in this case reflects that Appellant was placed on deferred-adjudication community supervision in each of these cases. The State subsequently filed motions to revoke Appellant's community supervision in each case. The State's motion was considered in conjunction with the punishment hearing in this case. Ultimately, the trial court revoked Appellant's community supervision, adjudicated her "guilty" in each case, and sentenced her to imprisonment for twenty years for each offense. Those cases were appealed to this court. We affirmed the trial court's judgment in each case by an opinion in Cause numbers 12-24-000128-CR and 12-24-00129-CR. That opinion was issued the same day as our opinion in this case.

[3] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of her right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file her own brief. The time for filing such a brief has expired and no pro se brief has been filed.

done so and finding no reversible error, we ***grant*** Appellant's counsel's motion for leave to withdraw and ***affirm*** the trial court's judgment.

As a result of our disposition of this case, Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise her of her right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, she either must retain an attorney to file a petition for discretionary review on her behalf or she must file a petition for discretionary review pro se. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date that the last timely motion for rehearing was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See **In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered September 30, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 30, 2024**

**NO. 12-24-00130-CR**

**JAZMYN MICA HALL,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 241st District Court
of Smith County, Texas (Tr.Ct.No. 241-0542-24)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*